## AMERICAN SURETY CO. OF NEW YORK v. FEDERAL RESERVE BANK OF KANSAS CITY.

### No. 283.

District Court, W. D. Missouri, W. D.

Oct. 9, 1939.

Harry A. Morris, of Kansas City, Mo., for plaintiff.

Henry W. Buck, of Kansas City, Mo. (Morrison, Nugent, Berger, Byers & Johns, of Kansas City, Mo., of counsel), for defendant.

REEVES, District Judge.

The plaintiff filed its suit against the defendant before D. P. Strother, Esquire, Justice of the Peace within and for Kaw Township, Jackson County, Missouri. A petition for removal and bond therefor were filed and the cause was removed to this court.

The defendant has filed a motion to dismiss upon the ground that the "petition fails to state a claim upon which relief can be granted."

The suit is upon a check, which, omitting unimportant data including the date, is as follows:

"Pay to the order of G. E. Whit-mill....$271.50 * * * For full payment for contract #61 K. H. R. C."

In its petition the plaintiff asserts that the last words quoted, towit, "For full payment for contract #61 K. H. R. C." were restrictive and imposed a condition upon the negotiability of the check and put holders upon inquiry.

1. It is a rule of negotiable instrument law that all doubts are to be resolved in favor of negotiability. 10 C.J.S., Bills and Notes, page 424, § 13.

The negotiability of instruments is favored when found in the hands of innocent holders.

2. "The law has always been solicitous to exclude any rules calculated to hinder the free circulation of mercantile paper having legitimate inception." 10 C.J.S., Bills and Notes, page 424, § 14.

The foregoing is submitted as a postulate or postulates to a consideration and analysis of the check sued upon.

3. The check is characterized by certainty as to the amount and the payee. The words "pay to the order of" clearly make it a negotiable instrument. Such negotiability, however, could be destroyed or limited by restrictive memoranda upon the check. Such a memoranda must be more than a mere notation and must constitute a limitation or a restriction upon the payment.

The words "For full payment for contract #61 K. H. R. C." are familiar as notations upon checks and other negotiable instruments. Usually such words are designed to qualify the check as a receipt for full payment under a contract and they are in no way intended to affect the negotiability of the instrument. The words under consideration could not be interpreted to limit or condition the payment of the check in controversy.

4. Counsel for plaintiff with commendable frankness says that the courts are not in harmony in interpreting memoranda attached to negotiable instruments. An examination of the case chiefly relied upon by plaintiff shows that endorsement in that decision was clearly intended to impose a condition upon the payment of the check. It was a limitation upon its negotiability. In the instant case there is neither condition nor limitation nor direction as to how the check shall be handled.

5. The plaintiff in its petition undertakes to interpret the meaning of the words. Under the rules of Civil Procedure, subdivision (c) of Rule 10, 28 U. S.C.A. following section 723c, specifically provides that "a copy of any written in-

strument which is an exhibit to a pleading is a part thereof for all purposes."

 Under this rule the check itself must be considered in examining the petition. It completely negatives the averments of the petition and the court must necessarily construe and interpret the meaning of the memoranda on the check. Such reasonable interpretation is to the effect that there is no limitation or restriction upon the negotiability of the check and since it was regularly endorsed no liability can accrue against the defendant.

In view of the above the motion to dismiss should be sustained, and it will be so ordered.